IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
VICTORIANO ESCAMILLA,         )
                              )
        Petitioner,           )
                              )
     v.                       )      1:10CR175-2
                              )      1:13CV509
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On June 28, 2011, this Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered judgment against Petitioner imposing, <u>inter alia</u>, consecutive prison terms of 30 and 60 months, as a result of his guilty plea to distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), and carry and use of a firearm in furtherance of that drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), respectively. (Docket Entry 40; <u>see also</u> Docket Entry 44 (Plea Transcript); Docket Entry dated May 23, 2011 (documenting sentencing hearing).)[1]  Petitioner did not file a notice of appeal. (<u>See</u> Docket Entries dated May 23, 2011, to present.)  On May 28, 2013, Petitioner signed and submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"), which the Court received on May 31, 2013, and docketed on June 28,

---

[1] Parenthetical citations refer to Petitioner's criminal case.

2013.  (Docket Entry 52; see also Docket Entry 53 (Affidavit and Memorandum).)  The United States has moved for dismissal (Docket Entry 56) and Petitioner has responded (Docket Entry 58).  For the reasons that follow, the Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that "[his] counsel was ineffective for failing to file a notice of appeal as it was requested by [Petitioner], and for failing to submit and [sic] Anders brief as is required by [Roe v.] Flores-Ortega[, 528 U.S. 470 (2000)]."  (Docket Entry 52 at 4.)  "A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]."  28 U.S.C. § 2255(f).  Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

2

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about July 12, 2011, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on June 28, 2011. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about July 12, 2012, more than ten and a half months before Petitioner submitted his instant Section 2255 Motion.

Further, Petitioner does not argue that the delayed accrual provisions of Paragraphs (2) or (3) of Subsection 2255(f) apply to

3

his Section 2255 Motion. (See Docket Entries 52, 53, 58.) To the extent Petitioner contends his counsel's alleged failure to perfect an appeal warrants application of the delayed accrual provision of Paragraph (4) of Subsection 2255(f) and/or equitable tolling of the one-year limitations period as calculated from the accrual date under Paragraph (1) of Subsection 2255(f), any such contention lacks merit because Petitioner has not shown that he acted with proper diligence, see 28 U.S.C. § 2255(f)(4) (delaying limitations commencement only until "facts supporting the claim or claims presented could have been discovered through the exercise of <u>due diligence</u>" (emphasis added)); <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (holding that "a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights <u>diligently</u>" (internal numbering and quotation marks omitted) (emphasis added)).

Specifically, even if the Court credits Petitioner's averment that, "[o]n May 23, 2011, [he] requested [his] counsel to appeal [his] sentence" (Docket Entry 52 at 1),[2] "[o]nce [Petitioner] requested that counsel file an appeal, it was incumbent upon [Petitioner] to demonstrate that he diligently followed up with his attorney regarding the status of that appeal," <u>United States v. Carter</u>, No. 3:07CR230HEH, 2013 WL 394717, at *4 (E.D. Va. Jan. 31,

---

[2] Petitioner's counsel has averred that, on May 23, 2011, he discussed an appeal with Petitioner, who agreed that no issues for appeal existed, and that Petitioner never expressed any desire to appeal. (Docket Entry 56-1 at 2-3.)

4

2013) (unpublished). "Moreover, counsel's failure to timely pursue an appeal was discoverable . . . [by consulting] the public record. . . . While no 'magic number' exists for the time afforded a reasonable prisoner to discover a promised appeal has not been filed, a petitioner must offer some evidence that he acted with due diligence." Id. at *5.

Here, Petitioner concedes that he did not take any steps to determine the status of his appeal between May 23, 2011 (when he allegedly requested that his counsel give notice of appeal), and April 11, 2013 (nearly two years later, when he allegedly wrote to his counsel). (See Docket Entry 53 at 2.) If, in more timely fashion, "Petitioner made such an inquiry [], he certainly could have learned that he had no appeal and, therefore, that his one-year limitations period was running. [] Petitioner's failure to timely make such an inquiry simply was unreasonable, and he must bear the consequences of that failure." Facundo v. United States, Nos. 1:10CV78, 1:07CR19, 2010 WL 2245992, at *4 (W.D.N.C. June 2, 2010) (unpublished); see also Wade v. United States, No. 10-CV-5727(JS), 2014 WL 1686059, at *2 (E.D.N.Y. Apr. 28, 2014) (unpublished) ("[The] [p]etitioner did not contact the Clerk of the Court until more than fourteen months after his sentence was imposed and therefore failed to meet the 'due diligence' requirement of § 2255."); United States v. Rodriguez-Martinez, Crim. No. 09-50006-1, 2011 WL 4343888, at *2 (W.D. Ark. Aug. 26,

5

2011) (unpublished) ("The [d]efendant did not file his pro se notice of appeal until seventeen months after the judgment was entered against him. The [c]ourt believes that a duly diligent person in the [d]efendant's circumstances would have discovered counsel's failure to file a notice of appeal well before seventeen months had elapsed."), <u>recommendation adopted</u>, 2011 WL 4343843 (W.D. Ark. Sept. 15, 2011) (unpublished).

In sum, Petitioner's Section 2255 Motion is untimely.

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 56) be granted and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 52) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 20, 2015